Filing # 67437718 E-Filed 02/02/2018 12:58:45 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| FERNANDO GRINBERG AS TRUSTEE OF THE 1051-1061 TRUST , | CASE NO.: 2018-003091-CA-01 |
| **Plaintiff(s),** | |
| vs. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | |
| **Defendant.** | |

SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:

**YOU ARE HEREBY COMMANDED** to serve this Summons and Complaint in the above styled cause upon the Defendant:

By serving Registered Agent:      Westchester Surplus Lines Insurance Company
Florida Chief Financial Officer pursuant to F.S. 624.422
Department of Insurance
200 East Gaines Street
Tallahassee, Florida 32399

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on Plaintiff's attorney, whose name and address is **JOSEPH GOLDGLANTZ, Esquire**, of Gold Litigation P.A, located at 1001 N Federal Hwy Suite 319, Hallandale Beach, FL 33009, Phone: (305) 454-2270, email: **Joseph@Goldlitigation.com**, within twenty (20) days after service of this Summons upon that Defendant, exclusive of the day or service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    2/6/2018

Dated: _____

HARVEY RUVIN
Clerk of the Court

By: _____ 309876
    As Deputy Clerk



RECEIVED AS STATUTORY REGISTERED AGENT on 07 February, 2018 and served on defendant or named party on 08 February, 2018 by the Florida Department of Financial Services



EXHIBIT
1

*18-000030800*

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

FERNANDO GRINBERG AS TRUSTEE OF THE
1051-1061 TRUST

PLAINTIFF(S)

VS.

WESTCHESTER SURPLUS LINES INSURANCE
COMPANY

DEFENDANT(S)

_____/

SUMMONS, COMPLAINT, DISCOVERY

**CASE #:** 2018-003091
**COURT:** CIRCUIT COURT
**COUNTY:** MIAMI-DADE
**DFS-SOP #:** 18-000030800

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Wednesday, February 7, 2018 and a copy was forwarded by ELECTRONIC DELIVERY on Thursday, February 8, 2018 to the designated agent for the named entity as shown below.

  WESTCHESTER SURPLUS LINES INSURANCE COMPANY
  DONNA MOCH
  1200 SOUTH PINE ISLAND ROAD
  PLANTATION, FL 33324

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent fillings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080**

*Jimmy Patronis*

Jimmy Patronis
Chief Financial Officer

IRA ECHEVARRIA
PARALEGAL
GOLD LITIGATION PA
1001 N FEDERAL HWY
319
HALLANDALE BEACH, FL 33009

KAJ

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2702, Miami, Florida 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.

 CT Corporation

**Service of Process Transmittal**
02/08/2018
CT Log Number 532762118

TO:     Paul Bech
        Chubb
        436 Walnut St
        Philadelphia, PA 19106-3703

RE:     **Process Served in Florida**

FOR:    Westchester Surplus Lines Insurance Company  (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | FERNANDO GRINBERG AS TRUSTEE OF THE 1051-1061 TRUST, Pltf. vs. Westchester Surplus Lines Insurance Company, Dft. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, First Request(s), First set is Interrogatories, Attachment(s), Exhibit |
| **COURT/AGENCY:** | Miami-Dade County Circuit Court, FL<br>Case # 2018003091 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Plantation, FL |
| **DATE AND HOUR OF SERVICE:** | By Electronic Receipt on 02/08/2018 |
| **JURISDICTION SERVED :** | Florida |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | IRA ECHEVARRIA<br>GOLD LITIGATION PA<br>1001 N. Federal Hwy, Suite 319<br>HALLANDALE BEACH, FL 33009<br>(305) 454-2270 |
| **REMARKS:** | Process received by Chief Financial Officer on 02/07/2018, and forwarded to C T Corporation System by electronic delivery on 02/08/2018. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/08/2018, Expected Purge Date: 02/13/2018<br><br>Image SOP<br><br>Email Notification, Adrienne Logan  ADRIENNE.LOGAN@chubb.com<br><br>Email Notification, Marie Morrill  marie.morrill@chubb.com<br><br>Email Notification, Angela Jay  angela.jay@chubb.com<br><br>Email Notification, Palma Voss  pvoss@chubb.com<br><br>Email Notification, Kathleen Becker  Kathleen.Becker@Chubb.com |

Page 1 of  2 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
02/08/2018
CT Log Number 532762118

TO: Paul Bech
Chubb
436 Walnut St
Philadelphia, PA 19106-3703

RE: **Process Served in Florida**

FOR: Westchester Surplus Lines Insurance Company  (Domestic State: GA)

SIGNED:
ADDRESS:        C T Corporation System
                1200 South Pine Island Road
                Plantation, FL 33324
TELEPHONE:      954-473-5503

Page 2 of  2 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

Filing # 67335937 E-Filed 01/31/2018 04:18:57 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| FERNANDO GRINBERG AS TRUSTEE OF THE 1051-1061 TRUST , | CASE NO.: |
| Plaintiff(s), | |
| vs. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | |
| Defendant. | |

## COMPLAINT

The plaintiff, Fernando Grinberg as Trustee of the 1051-1061 Trust, ("Plaintiff"), by and through undersigned counsel, hereby sues the defendant, Westchester Surplus Lines Insurance Company ("Defendant"), and in so doing, alleges the following:

1.  This Honorable Court has jurisdiction pursuant to §§ 86.01 and 26.012 Fla. Stat., as the amount in controversy exceeds $15,000.00, and venue is proper as all acts material hereto took place in Miami-Dade County, Florida.

2.  The Plaintiff is a resident of the State of Florida, who is over the age of eighteen (18) and is otherwise sui juris.

3.  The Defendant is a Florida corporation that conducts business in Miami-Dade County, Florida.

4.  The Defendant issued homeowners' insurance policy number D39273068 to the Plaintiff (the "Policy"). The Policy provides insurance coverage for real property owned by the Plaintiff, which is located at 1051 NE 80th St Miami, FL 33138 (the "Property"). The Plaintiff does not a have a true and correct copy of the Policy, which is in the Defendant's possession, custody and control and can be obtained through discovery in this action.

**Gold Litigation PA**
1001 N Federal Hwy · Suite 319 · Hallandale Beach, Florida 33009 · 305-454-2270 · 305-760-4148 (fax)

5.     The Policy provides insurance coverage for damage to the Property caused by, *inter alia*, storm caused failure to the roofing system, and also provides coverage for replacement of personal property destroyed and/or damaged by a covered loss, and alternative living arrangement expense reimbursement if and when the Property becomes uninhabitable.

6.     At all times material hereto, the Policy was in full force and effect.

7.     At all times material hereto, the Plaintiff was a party to the Policy and an insured of the Defendant.

8.     On or about 9/10/2017, the Plaintiff suffered covered losses and damages to the property caused at least in part by storm caused failure to the roofing system.

9.     After suffering the covered losses to the Property, the Plaintiff made a claim against the Policy, which was assigned claim number KY17K2294534 by the Defendant (the "Claim").

10.     All conditions precedent to the filing and maintenance of this action have been performed, occurred or were otherwise waived.

11.     The Plaintiff has been forced to retain the undersigned counsel and is obligated to pay a reasonable fee thereto.

12.     Pursuant to the Policy and § 627.428 Fla. Stat., the Plaintiff is entitled to recover the reasonable attorneys' fees and costs incurred in this regard from the Defendant.

13.     The Plaintiff provided the Defendant with timely notice of the Claim, and complied with all conditions and obligations imposed by the Policy. Never-the-less, the Defendant breached the Policy by failing to provide necessary reimbursement for covered losses in accordance with the Policy.

14.     The Plaintiff received correspondences from the Defendant advising that:

    a.   the claim would be denied due to a purported exclusion in the Policy;

    b.   only a small partial payment in regard to the subject loss would be paid; and/or

    c.   the Defendant is not going to honor the Claim.

**Gold Litigation PA**
1001 N Federal Hwy · Suite 319 · Hallandale Beach, Florida 33009 · 305-454-2270

15.     The Defendant failed to make a full payment for Plaintiff's losses, which are covered by the Policy.

16.     The Defendant has failed to timely evaluate and pay the benefits owed to the Plaintiff under the Policy.

17.     As a direct result of the Defendant's breaches of the Policy, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant and in so doing, award the Plaintiff the actual damages incurred in this regard, along with pre-judgment and post-judgment interest and the reasonable attorneys' fees and costs incurred in this regard, together with such other and further relief deemed just and fit.

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted January 31, 2018.

**GOLD LITIGATION PA**
1001 N. Federal Hwy
Suite 319
Hallandale Beach, Florida 33009
Phone: (305) 454-2270
Fax: (305) 760-4148
Direct email: Joseph@Goldlitigation.com

By:   /s/ Joseph Goldglantz
    Joseph Goldglantz, Esquire
    Fla. Bar No: 105941

Filing # 67335937 E-Filed 01/31/2018 04:18:57 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

FERNANDO GRINBERG AS TRUSTEE OF THE
1051-1061 TRUST ,                                       CASE NO.:

      Plaintiff(s),

vs.

WESTCHESTER SURPLUS LINES INSURANCE
COMPANY,

      Defendant.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

The plaintiff, Fernando Grinberg as Trustee of the 1051-1061 Trust,  ("Plaintiff"), by and through undersigned counsel, and pursuant to Fla.R.Civ.P. 1.350, hereby requests that the defendant, Westchester Surplus Lines Insurance Company ("Defendant"), produce the following items for inspection and copying at the offices of its counsel within the timeframe specified by the Florida Rules of Civil Procedure:

1.      All policies of insurance to which the Plaintiff is a named insured or additional payee, together with any declaration of coverage pages, and any additional addendums thereto.

2.      Any and all correspondence to or from any attorney representing the Plaintiff, and any and all documents attached to said correspondence, pertaining to Plaintiff's insurance claims with Defendant, including but not limited to Claim Number KY17K2294534.

3.      Any and all correspondence to or from any public adjuster representing the Plaintiff, and any and all documents attached to said correspondence, pertaining to Plaintiff's insurance claims with Defendant, including but not limited to Claim Number KY17K2294534.

**Gold Litigation PA**
1001 N Federal Hwy · Suite 319 · Hallandale Beach, Florida 33009 · 305-454-2270

4.      Any and all correspondence to or from the Plaintiff, and any and all documents attached to said correspondence, pertaining to Plaintiff's insurance claims with Defendant, including but not limited to Claim Number KY17K2294534.

5.      Any and all documents of whatever nature and kind submitted by the Plaintiff and/or his/her agents, public adjusters and/or attorneys, etc., to the Defendant, its agents, servants and/or employees in regard to the subject loss.

6.      Any and all documents which Defendant considered or relied upon in determining the benefits due or not due to Plaintiff in regards to the claims made.

7.      Any and all photographs, recordings, charts, graphs, sketches and any other tangible items or documentary evidence relating to the Plaintiffs' insurance claims with Defendant, including but not limited to Claim Number KY17K2294534.

8.      Any and all photographs, recordings, charts, graphs, sketches and any other tangible items or documentary evidence which Defendant intends to use during the trial in this cause and which have not been produced in response to any of the preceding paragraphs.

9.      Copy of the Defendant's entire claim file, including front and back cover, for the Plaintiff's claim number KY17K2294534 as it is kept in the normal course of business, excluding any documents to which Defendant claims a privilege. ALL DOCUMENTS FOR WHICH DEFENDANT ALLEGES A PRIVILEGE SHALL BE LISTED IN THE MANNER DESCRIBED IN F.R.C.P. 1.350.

10.     The Defendant's entire claim file up from the date of the initial notice of the loss until the day before the Defendants knew that Defendant was going to deny or litigate the claim.

11.     Any and all documents relating to or supporting Defendant's denial of any allegation of Plaintiff's complaint, and relating to or supporting each affirmative or general defense asserted by Defendant.

12.     Any and all statements, whether written, oral or recorded in whatever fashion, including transcripts thereof or electronic recordings of same, taken of any or all witnesses or other persons by the Defendant or its agents, with regard to the subject matter of this lawsuit.

13.     A list and/or documents showing the names, addresses and telephone numbers of any and all witnesses whose statements have been taken, indicating their full legal name, residential address, business address and telephone number, in regard to the subject matter of this litigation.

14.     Any and all documents by and between the Defendant and its investigators, insurance adjusters and appraisers relating to the subject matter of the Complaint.

15.     Any and all expert reports including but not limited to reports regarding cause and origin, estimates for repair and/or replacement, damage to the Plaintiff's property in question, or any other subject matter concerning this litigation prepared by any experts who may be, or will be, utilized at the time of trial on behalf of the Defendant.

16.     Copies of any and all sworn Proofs of Loss submitted by or on behalf of the Plaintiffs relative to the subject claim and documentation accepting and/or rejecting said Proofs of Loss and, any and all documentation of any kind or nature relied upon relative to the Defendant's acceptance or rejection of said Proofs of Loss.

17.     Any and all documentation or other tangible evidence which Defendant contends supports its claim that all conditions precedent to bringing this action have not been met (if applicable).

18.     A copy of any and all reports by any general contractor, roofer, electrician, or other construction personnel hired by the Defendant to examine and/or evaluate any of the claims asserted by the Plaintiff.

19.     Any and all documents indicating prior claims at the property located at 1051 NE 80th St Miami, FL 33138 .

Page 3 of 5
**Gold Litigation PA**
1001 N Federal Hwy · Suite 319 · Hallandale Beach, Florida 33009 · 305-454-2270

20.     Your entire underwriting file, complete with color photographs, ratemaking analyses, inspection reports, risk assumption.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing will be served upon the

Defendant with the effectuation of service of process in this action.

Respectfully submitted January 31, 2018.

GOLD LITIGATION PA
1001 N. Federal Hwy
Suite 319
Hallandale Beach, Florida 33009
Phone: (305) 454-2270
Fax: (305) 760-4148
Direct email: Joseph@Goldlitigation.com

By:   /s/ Joseph Goldglantz
      Joseph Goldglantz, Esquire
      Fla. Bar No: 105941

Filing # 67335937 E-Filed 01/31/2018 04:18:57 PM

## IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| FERNANDO GRINBERG AS TRUSTEE OF THE 1051-1061 TRUST , | CASE NO.: |
| **Plaintiff(s),** | |
| vs. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | |
| **Defendant.** | |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

The Plaintiff, by and through undersigned counsel, and pursuant to Fla. R. Civ. P. 1.340, and hereby propounds his or her First Set of Interrogatories on the Defendant, along with a copy thereof, and requests that same be answered under oath within the timeframe specified by the Florida Rules of Civil Procedure.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served upon the Defendant with the effectuation of service of process in this action.

Respectfully submitted January 31, 2018.

**GOLD LITIGATION PA**
1001 N. Federal Hwy
Suite 319
Hallandale Beach, Florida 33009
Phone: (305) 454-2270
Fax: (35) 760-4148
Direct email: Joseph@Goldlitigation.com

By: __/s/ Joseph Goldglantz_____
Joseph Goldglantz, Esquire
Fla. Bar No: 105941

## INTERROGATORIES

1.      Please state the full name, occupation, present residence and business address of the person answering these interrogatories and anyone who assisted in answering same.

ANSWER:

2.      Please state the basis in the insurance policy, in relation to the facts and applicable law, for your decision to pay less than the entire amount of the claim presented by the insured.

ANSWER:

3.      Please describe each document upon which you rely for your decision to pay less than the entire amount claimed by the insured, with sufficient particularity to allow their description in a Request for Production.

ANSWER:

4.      Please describe all facts and circumstances giving rise to each of your defenses and affirmative defenses in this matter.

ANSWER:

5.      Please describe the basis in the insurance policy in relation to the facts and applicable law for each of your defenses and the affirmative defenses in this matter.

ANSWER:

6.      Please list the name, address, and telephone number of all witnesses who have knowledge of the basis for, or the facts and circumstances giving rise to, each of your Affirmative

Defenses in this matter, and please describe each document on which you rely for each Affirmative Defense or which is related to same, with sufficient particularity to allow a description in a Request for Production.

ANSWER:

7.      Please state with specificity all actions taken by the Defendant with regard to the evaluation and investigation the subject claim.

ANSWER:

8.      Please list the names and addresses of any and all persons with whom the Defendant, and/or any of their agents, servants or employees obtained a statement, either oral, recorded or written, and state the date the statement was taken, and whether the statement was oral, recorded or written, and who is in possession of said statement.

ANSWER:

9.      Please state with specificity any and all defenses the Defendant asserts to Plaintiff's Complaint, outlining all individuals who will testify in support thereof, listing any and all documents which support each defense and outlining any and all evidence the Defendant has to support to said defense.

ANSWER:

10.     Please state with specificity whether the Defendant, its agents, servants, experts and/or employees removed any items from the subject premises, and if so, please specify which items were

removed; when said items were removed; where said items are presently; and whether or not you had the insured's permission to remove said item(s).

ANSWER:

11.     Please state when you received Plaintiff's sworn proof(s) of loss relative to the subject claim, if it was rejected, the date they were rejected and the basis for rejection. Please delineate any and all applicable insurance policy provisions and/or documentation you relied upon relative to the rejection of any and all sworn proof of loss submitted by the Plaintiffs herein.

ANSWER:

12.     Please state if you contend or assert that any information and/or documentation necessary for you to complete your investigation or evaluation of the subject claim has not been provided to you, specifying the particular documents or information and why said documentation and/or information is relevant, material and/or necessary to pay the Plaintiff in whole or part for any of the damages claimed to be sustained.

ANSWER:

13.     Please describe the experience, training and educational background of each person who investigated, evaluated, managed and/or reviewed or otherwise handled Plaintiffs' claim, or rendered any written or oral report regarding the claim.

ANSWER:

14.     For each person who may or is expected by you, your attorney or any representative of yours, to testify as an expert witness during trial of this matter, please state the (A) name, (B) professional address, (C) home address, (D) professional occupation, (E) specialty field, (F) all

qualifications enabling him/her to render an opinion in this cause, (G) the subject matter he/she is expected to testify on, and (H) any and all opinions he/she has rendered in regard to the subject matter of this litigation outlining each fact or facts determined the substance of the facts relied upon and a summary of grounds of each opinion.

ANSWER:

15.     Please state whether the expert rendered any report to you with regard to the subject matter of this litigation and if so, sufficiently describe the reports so that the Plaintiffs can propound a request for Production for same.

ANSWER:

16.     Please state whether the Defendant has evaluated the damages caused by the subject claim, and if so, please state with specificity who performed the evaluation and/or estimate; when said evaluation or estimate was performed; and the amount of damages the Defendant agrees were caused by the subject claim, outlining the basis for same.

ANSWER:

17.     Please list the names and addresses of all persons who are believed or known by you, your agents or attorneys, to have any knowledge concerning any of the issues raised by the pleadings, and specify the subject matter about which the witness has knowledge.

ANSWER:

SWORN AND SUBSCRIBED TO BY:

_____

Print Name: _____

**STATE OF FLORIDA**

**COUNTY OF** _____

      **BEFORE ME**, the undersigned authority, on this ____ day of _____,

2016, did personally appear _____, who is personally known to me or

who produced _____ as identification, and who after taking an oath

has deposed and said that he is authorized to answer these interrogatories on behalf of the Defendant

and that said answers are true and correct based upon his own personal knowledge.


                                       _____

                                       Notary Public, State of Florida

Filing # 67335937 E-Filed 01/31/2018 04:18:57 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

| | |
|---|---|
| FERNANDO GRINBERG AS TRUSTEE OF THE 1051-1061 TRUST , | CASE NO.: |
| Plaintiff(s), | |
| vs. | |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, | |
| Defendant. | |

## PLAINTIFF'S DEPOSITION PRIORITY REQUEST

The Plaintiff, by and through undersigned counsel, hereby requests deposition dates of the Defendant's Field Adjuster, Desk Adjuster/Claims Examiner, and Corporate Representative who can respond to the attached Proposed Areas of Inquiry in accordance with Fla. R. Civ. P. 1.310(b)(6). **Ex. A.**

The Plaintiff requests 4 alternative dates for the requested depositions to occur.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing will be served upon the Defendant with the effectuation of service of process in this action.

Respectfully submitted January 31, 2018.

**GOLD LITIGATION PA**
1001 N. Federal Hwy
Suite 319
Hallandale Beach, Florida 33009
Phone: (305) 454-2270
Fax: (35) 760-4148
Direct email: Joseph@Goldlitigation.com

By: ___/s/ Joseph Goldglantz_____
Joseph Goldglantz, Esquire
Fla. Bar No: 105941

## AREAS OF INQUIRY FOR CORPORATE REPRESENTATIVE

1.      The Defendant's Corporate Policies utilized in handling the subject claim.

2.      The Defendant's reasons and analysis in denying or underpaying the subject claim.

3.      All correspondence between Defendant and Plaintiff or Plaintiffs' representatives (including public adjusters and attorneys).

4.      All actions taken by Defendant relating to the subject claim.

5.      The source of the water discharge or overflow at issue in the subject claim.

6.      The damage to Plaintiff's home relating to the subject claim.

7.      The identity of the individuals who, on behalf of Defendant and relating to the subject claim, took any actions, made any analyses, or undertook any responsibilities.

8.      The identity of all individuals who visited the subject property on behalf of the Defendant, and the observations taken at the subject property by those individuals.

9.      The basis in the subject insurance policy for Defendant's decision not to cover or pay the subject claim.

10.     The meaning, effect and background of all documents produced by Defendant in response to Plaintiff's First Request for Production.

11.     The factual basis for each of Defendant's denials to allegations in the subject complaint.

12.     The factual basis for each of Defendant's affirmative defenses.

**EXHIBIT "A"**